**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. J. TYLER REVES, *Defendant-Appellant*. | No. 13-15845 D.C. Nos. 2:10-cv-01330-MCE-CMK 2:02-cr-00468-MCE-CMK-3 |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. LYNN G. BEDFORD, *Defendant-Appellant*. | No. 13-15847 D.C. Nos. 2:10-cv-01402-MCE-CMK 2:02-cr-00468-MCE-CMK-2 OPINION |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Submitted November 20, 2014[*]
San Francisco, California

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed December 15, 2014

Before: Ferdinand F. Fernandez and Sandra S. Ikuta,
Circuit Judges, and William H. Albritton III, Senior
District Judge.[**]

Opinion by Judge Albritton

## SUMMARY[***]

### Habeas Corpus

The panel affirmed in part, and reversed and remanded in part, in a consolidated appeal arising from the district court's judgments denying as untimely J. Tyler Reves's and Lynn G. Bedford's motions to vacate their sentences under 28 U.S.C. § 2255.

The panel held that the district court did not have jurisdiction to consider Bedford's § 2255 motion because Bedford, whose sentence of probation expired the day before his motion was filed, was not "in custody" at the time he filed his motion, as required by § 2255(a). The panel held that the Federal Rules of Civil Procedure did not operate to extend Bedford's sentence, which ended on a Sunday, by one more

---

[**] The Honorable William H. Albritton III, Senior District Judge for the U.S. District Court for the Middle District of Alabama, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

day. The panel explained that the jurisdictional requirement that a § 2255 motion is only available to a prisoner in custody is a condition that either exists or does not exist, rather than a statute of limitations or other deadline for filing, as contemplated by the Federal Rules. The panel therefore reversed the district court's denial of Bedford's motion as untimely, and remanded with directions to dismiss the motion for lack of jurisdiction.

The panel held that the district court was correct that Reves's motion was untimely and that he does not qualify for the actual innocence or equitable tolling exceptions. The panel wrote that judicial opinions and exonerations of others do not affect the factual or legal basis for Reves's conviction pursuant to his plea agreement. The panel also found that Reves expressly waived his right to collaterally attack his conviction or sentence through a § 2255 motion in his plea agreement and during his change of plea colloquy; and concluded that the waiver is enforceable.

## COUNSEL

J. Tyler Reves, Pro Se, Modesto, California, for Defendant-Appellant J. Tyler Reves; Daniel Malakauskas, Stockton, California, for Defendant-Appellant Lynn G. Bedford.

Benjamin B. Wagner, United States Attorney, Camil A. Skipper, Appellate Chief, and Sherry D. Haus, Assistant United States Attorney, United States Attorney's Office, Sacramento, California, for Plaintiff-Appellee.

## OPINION

ALBRITTON, Senior District Judge:

This is a consolidated appeal in which Appellants J. Tyler Reves and Lynn G. Bedford appeal the District Court's denial of their motions to vacate their sentences under 28 U.S.C. § 2255.

On appeal as to Bedford, the Government argues, *inter alia*, that the district court did not have jurisdiction over Bedford's motion because it was filed the day after his sentence expired, meaning he was no longer "in custody" as is required to avail oneself of relief under § 2255. Bedford responds that because his sentence ended on a Sunday, he was still able to properly file his motion the following day, a Monday. The applicability of the Federal Rules' extension of time provisions to the "in custody" requirement is an issue of first impression in the Ninth Circuit.

We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2255. We affirm in part, and reverse and remand in part.

## *BACKGROUND*

The underlying convictions in this case are the result of an FBI investigation into an allegedly corrupt scheme involving Appellants and three other defendants. At the relevant time, Bedford was on the San Joaquin County Board of Supervisors and Reves was his legislative aide. The other related defendants were County Prosecutor Allen Sawyer ("Sawyer"), former County Sheriff T. Baxter Dunn ("Dunn"), and lobbyist Monte D. McFall ("McFall"). These latter three defendants formed multiple entities and formed a business

relationship with Sunlaw Energy Corporation. The criminal investigation stemmed from allegations that each of the five defendants played a role in ensuring that Sunlaw received a bid to construct a plant in the Port of Stockton instead of Sunlaw's competitor, the Calpine Corporation.

Sawyer and Dunn each pled guilty to one count of honest services mail fraud and received six-month prison sentences. McFall went to trial and was convicted by a jury of nine counts of attempted extortion and conspiracy to commit extortion under the Hobbs Act, six counts of honest services mail fraud, and two counts of attempted witness tampering.[1] He was convicted of seventeen out of the twenty total counts charged in the indictment, as the jury acquitted him of three counts of mail fraud. McFall was sentenced to 121 months in prison. Bedford and Reves each pled guilty to one count of making a false statement under 18 U.S.C. § 1001 and each received sixty months of probation as a sentence.

On March 9, 2009, we reversed McFall's convictions on five counts, including all three counts of attempted extortion and conspiracy to commit extortion related to the Port of Stockton energy project, for insufficiency of the evidence. *United States v. McFall*, 558 F.3d 951, 953 (9th Cir. 2009). We reversed the convictions on these three counts because "the evidence did not establish, nor did the indictment allege, that McFall obtained or attempted to obtain any property or intangible right from Calpine [Corporation]" as is required by the definition of extortion under the Hobbs Act. *Id.* at 958. On resentencing in September 2009, McFall received a new sentence of 78 months.

---

[1] These included numerous counts of criminal activity not related to the Port of Stockton project.

More than a year after we reversed five of McFall's convictions, Reves filed his § 2255 motion to vacate his sentence on May 27, 2010, and Bedford followed suit on June 7, 2010.

On June 24, 2010, in *Skilling v. United States*, 561 U.S. 358, 408–09 (2010), the Supreme Court narrowed the definition of honest services mail fraud to include only schemes involving bribery or kickbacks. In the wake of that decision, we set aside and vacated Dunn and Sawyer's convictions because the conduct covered by the honest services mail fraud statute no longer included the conduct to which they both pled guilty.

In their § 2255 motions in the District Court and now on appeal, Appellants argue that the *McFall* and *Skilling* decisions, and the partial exoneration of McFall and total exoneration of Sawyer and Dunn, mandate that their convictions also be set aside. The Government opposed the motions, and continues to oppose them on appeal, on the basis that they are untimely and do not qualify for any of the exceptions to the relevant statute of limitations. The district court denied the motions on those grounds. Appellants timely appealed.

## STANDARD OF REVIEW

We review a district court's denial of a § 2255 motion de novo. *United States v. Ratigan*, 351 F.3d 957, 961 (9th Cir. 2003). The district court's assumption of jurisdiction, the validity of waiver of appellate rights, and equitable tolling decisions are all likewise reviewed de novo. *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004) (equitable tolling); *United States v. Bennett*, 147 F.3d 912, 913 (9th Cir.

1998) (jurisdictional issues); *United States v. Buchanan*, 59 F.3d 914, 918 (9th Cir. 1995) (waiver of appellate rights). The standard of review applicable to claims of actual innocence "is not entirely settled in this circuit," but because Reves has failed to establish an actual innocence claim under either clear error or de novo review, and because we find the District Court had no jurisdiction over Bedford's motion, we need not decide which standard is appropriate in this case. *Jones v. Taylor*, 763 F.3d 1242, 1245 (9th Cir. 2014) (quoting *Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014)).

## DISCUSSION

### A. *Bedford's § 2255 Motion*

The District Court did not have jurisdiction to consider Bedford's § 2255 motion. Although the District Court denied both Appellants' motions as untimely based on the one-year statute of limitations in 28 U.S.C. § 2255(f)(4), lack of jurisdiction is a matter which can be raised at any time, *Bennett*, 147 F.3d at 914, and must be addressed before any consideration of the merits. *See Smith v. U.S. Customs & Border Prot.*, 741 F.3d 1016, 1019 & n.1 (9th Cir. 2014) ("in custody" issue is a threshold jurisdictional issue that must be addressed first, even where not addressed by the district court); *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) ("Because the 'in custody' requirement is jurisdictional, . . . it is the first question we must consider on this appeal.").

Motions to vacate a sentence under 28 U.S.C. § 2255 are expressly available only to "a prisoner in custody." Bedford was not actually "in custody" at the time he filed his motion, as required by § 2255(a). *See Maleng v. Cook*, 490 U.S. 488,

490–91 (1989) (petitioner must be "in custody," which includes supervised release and probation, when motion is filed). Bedford's probation expired the day before his motion was filed.

All parties agree and acknowledge that Bedford's sentence of probation ended on Sunday, June 6, 2010, and his § 2255 motion was filed on Monday, June 7, 2010. Bedford argues this is not fatal to jurisdiction because time periods that end on a Saturday or Sunday, as was the case here, extend to the next working day under Fed. R. App. P. 26.[2] However, the "in custody" requirement is not a given time period in the same sense that a limitations period is. The Federal Rules of Civil Procedure did not operate to extend Bedford's sentence by one more day. Section 2255 motions, by the explicit terms of the statute, may be brought only by persons "in custody." Regardless of the day of the week, the fact is that Bedford was no longer "in custody" at the end of the exact day that his sentence expired. This jurisdictional requirement that a § 2255 motion to vacate is only available to a prisoner in custody is a condition that either exists or does not exist, rather than a statute of limitations or other deadline for filing, as contemplated by the Federal Rules.

---

[2] Bedford cites the Federal Rules of Appellate Procedure to support his argument, but in this situation the applicable provision is instead Fed. R. Civ. P. 6(a)(1)(C), which extends periods ending on a Saturday, Sunday, or legal holiday to the next day that is not a weekend or holiday. The Federal Rules of Civil Procedure apply in § 2255 cases in district court to the extent that they are not inconsistent with the § 2255 rules. *See* Rule 12 of the Rules Governing Section 2255 Proceedings. The legal analysis and result are the same under either set of rules, because the Rules of Appellate and Civil Procedure treat weekends and holidays the same way in computing time periods. *Compare* Fed. R. Civ. P. 6(a)(1)(C), *with* Fed. R. App. P. 26(a)(1)(C).

Because this issue is jurisdictional, the District Court did not have proper authority to pass on any other aspect of Bedford's motion. *Williamson*, 151 F.3d at 1182. We therefore reverse the denial of his § 2255 motion to vacate his sentence, and remand with directions to dismiss the motion for lack of jurisdiction.

## B. *Reves's § 2255 Motion*

The District Court was correct that Reves's motion was untimely and that he does not qualify for the actual innocence or equitable tolling exceptions. Reves has alleged that the judicial opinions leading to the partial or complete exoneration of his three codefendants (aside from Bedford), along with the exonerations themselves, are new facts and evidence supporting the timeliness of his motion under § 2255(f)(4), his claim of actual innocence, and his claim that he is entitled in any event to equitable tolling. However, the judicial opinions and exonerations regarding others do not affect the factual or legal basis for Reves's conviction, pursuant to his plea agreement, for making a false statement under 18 U.S.C. § 1001. Reves admitted that he knowingly and willfully made a material false statement to the FBI in its investigation of the awarding of the Port of Stockton contract. In the wake of the judicial opinions as to others, the conduct to which Reves pled guilty remains criminal because the opinions did nothing to alter the scope of conduct covered by the statute to which Reves pled. Therefore, the District Court was correct in finding that there were no extraordinary circumstances that prevented Reves from filing a § 2255 motion within one year of the date on which his judgment of conviction became final. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling requires showing of

"extraordinary circumstances" and diligent pursuit of rights). Reves is not eligible for the equitable tolling exception.

We also find that Reves expressly waived his right to collaterally attack his conviction or sentence through a § 2255 motion in his plea agreement and during his change of plea colloquy. The record indicates this waiver was express, knowing, and voluntary, and is therefore enforceable. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

## *CONCLUSION*

For the foregoing reasons, the judgment of the district court is **AFFIRMED** as to Reves, and **REVERSED** and **REMANDED** with directions to dismiss for lack of jurisdiction as to Bedford.