**NOT FOR PUBLICATION**

**FILED**

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-16957 |
| Plaintiff-Appellee, | D.C. Nos. 4:16-cv-01643-PJH |
| v. | 4:04-cr-40022-PJH |
| JAMES BRANCH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted November 15, 2017**

Before:  CANBY, TROTT, and GRABER, Circuit Judges.

Federal prisoner James Branch appeals from the district court's denial of his

28 U.S.C. § 2255 motion to vacate. We have jurisdiction under 28 U.S.C. § 2253.

We review the district court's denial of a section 2255 motion de novo, *see United*

*States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), and we affirm.

---

\*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Branch's section 2255 motion argued that *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered the residual clause in U.S.S.G. § 4B1.2(a)(2) unconstitutionally vague, and therefore his prior California robbery conviction could no longer support his career offender sentence under U.S.S.G. § 4B1.1. This argument is foreclosed by *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). The government's concession in the district court that the residual clause in § 4B1.2(a)(2) was void does not bind this court. *See United States v. Perez-Silvan*, 861 F.3d 935, 938 n.2 (9th Cir. 2017) (courts "are not bound by a party's concession as to the meaning of the law" (internal quotations omitted)).

Branch contends, for the first time in his reply brief, that he is actually innocent of being a career offender because his predicate California robbery conviction no longer constitutes a crime of violence under the 2016 version of U.S.S.G. § 4B1.2(a)(2). Even if this argument were properly before this court, *see Padgett v. Wright*, 587 F.3d 983, 985-86 n.2 (9th Cir. 2009), it would be foreclosed. *See United States v. Chavez-Cuevas*, 862 F.3d 729, 740 (9th Cir. 2017) (reaffirming *United States v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008), which held that California robbery categorically qualifies as a crime of violence).

**AFFIRMED.**