**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-15913 |
| Plaintiff - Appellee, | D.C. Nos.  4:15-cv-02778-PJH |
| v. | 4:14-cr-00484-PJH |
| MANUEL VEGA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Manuel Vega appeals from the district court's judgment denying his 28

U.S.C. § 2255 motion challenging his sentence for being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g).  We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 2253.  We review the denial of a section 2255 motion de novo, *see United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), and we affirm.

Vega's section 2255 motion alleged that trial counsel was ineffective for failing to argue that Vega's prior conviction under California Health & Safety Code section 11378 was not a predicate controlled substance offense under U.S.S.G. § 2K2.1(a).  In rejecting this claim, the district court concluded that section 11378 is a divisible statute, applied the modified categorical approach, and held that counsel was not constitutionally deficient because Vega's prior conviction properly subjected him to a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4).  Because this court recently reaffirmed that section 11378 is divisible, *see United States v. Ocampo-Estrada*, 873 F.3d 661, 668 (9th Cir. 2017), the district court correctly concluded that Vega is not entitled to section 2255 relief.

**AFFIRMED.**