**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16571 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-02550-CRB |
| v. | 3:14-cr-00552-CRB |
| CHARLES CHESTER CHATMAN III, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted June 12, 2018[**]

Before: RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Federal prisoner Charles Chester Chatman, III, appeals from the district court's order denying his 28 U.S.C. § 2255 motion to vacate his sentence. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In his section 2255 motion, Chatman argued that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his California conviction for inflicting corporal injury on a spouse or cohabitant is no longer a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(3). The district court denied this claim citing *Beckles v. United States*, 137 S. Ct. 886 (2017), which, as Chatman concedes, forecloses this argument. On appeal, Chatman contends that the government's pre-*Beckles* concession that *Johnson*'s holding applies to the Guidelines steered him away from raising the additional argument that he is actually innocent of the sentencing enhancement. He further argues that the district court's allegedly premature dismissal of his section 2255 motion prevented him from developing that alternative argument.

To the extent the government conceded that *Johnson*'s holding applies to the Guidelines, neither the district court nor this court is bound by that concession. *See United States v. Ogles*, 440 F.3d 1095, 1099 (9th Cir. 2006) (en banc) ("We are not bound by a party's concession as to the meaning of the law[.]"). We disagree with Chatman that his challenge to the district court's processing of his section 2255 motion is encompassed within the certificate of appealability and treat his briefing of this issue as a motion to expand the certificate of appealability. So

17-16571

treated, the motion is denied.  *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

Chatman's claim that the district court misapprehended that the state court would impose a concurrent sentence lacks merit.  The mere hope that the state court would consider the length of Chatman's federal sentence is not a basis for relief because section 2255 does not extend to "claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge." *United States  v. Addonizio*, 442 U.S. 178, 187 (1979).

**AFFIRMED.**

17-16571