NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-35824 |
| Plaintiff-Appellee, | D.C. Nos. 4:16-cv-00020-BMM |
| v. | 4:13-cr-00032-BMM-1 |
| JOSEPH CHRISTOPHER BIRDTAIL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted October 11, 2018
Seattle, Washington

Before: PAEZ and BEA, Circuit Judges, and ROYAL, ** District Judge.

Defendant-Appellant Joseph Birdtail appeals the district court's denial of his

amended petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

§ 2255. The district court issued a certificate of appealability on the issues of

whether the performance of Birdtail's original counsel or the performance of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable C. Ashley Royal, Senior United States District Judge
for the Middle District of Georgia, sitting by designation.

Birdtail's sentencing counsel caused him prejudice under *Hill v. Lockhart*, 474 U.S. 52 (1985). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review a district court's denial of a § 2255 motion de novo, *United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014) (citation omitted), and we affirm.

Birdtail argues that his original counsel was ineffective in grossly miscalculating his possible sentencing guideline range, and that without this error, he would have proceeded to trial. To assert a successful claim of ineffective assistance of counsel in the context of a guilty plea, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Hill*, 474 U.S. at 57 (internal citation and quotation omitted). The defendant must also show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Here, regardless whether counsel's representation fell below an objective standard of reasonableness, Birdtail's claim fails because he did not move to withdraw his guilty plea after he was informed of the correct sentencing guideline range. Before his original sentencing date, Birdtail was given a copy of his Presentence Investigation Report ("PSR") and realized that the sentencing guideline range he faced was significantly higher than the range his counsel told him would apply. As a result, the attorney-client relationship deteriorated, and counsel filed a motion to withdraw. The district court held a hearing on the motion,

17-35824

appointed Birdtail new counsel, and rescheduled sentencing. Despite this process—in which the trial court gave him ample opportunity to move to withdraw his plea—Birdtail never moved to withdraw his guilty plea. He therefore cannot show that but for his counsel's errors he would not have pleaded guilty and proceeded to trial.

Additionally, Birdtail argues that both original and sentencing counsel were ineffective in not advising him to withdraw his guilty plea. As previously discussed, Birdtail cannot show prejudice, as he chose to proceed to sentencing after being informed of the actual guideline range. Moreover, recommending against a trial on charges of sexually abusing a child was hardly unwise. Given the evidence against Birdtail, recommending against a plea withdrawal was not just within the "wide range of reasonable professional assistance;" it was "sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

**AFFIRMED.**

17-35824