NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-15290 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-02743-SI |
| v. | 3:09-cr-00475-SI |
| ROBERT LEE SWANSON, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Federal prisoner Robert Lee Swanson, Jr., appeals from the district court's

denial of his 28 U.S.C. § 2255 motion to vacate.  We have jurisdiction under 28

U.S.C. § 2253.  We review the district court's denial of a section 2255 motion de

novo, *see United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), and we affirm.

_____

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Swanson's section 2255 motion argued that *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered the residual clause in U.S.S.G. § 4B1.2(a)(2) unconstitutionally vague, and therefore his bank robbery convictions under 18 U.S.C. § 2113(a) could no longer support his career offender sentence under U.S.S.G. § 4B1.1. This argument is foreclosed. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017). The government's concession in the district court that the residual clause in § 4B1.2(a)(2) was void does not bind this court. *See United States v. Perez-Silvan*, 861 F.3d 935, 938 n.2 (9th Cir. 2017) (courts "are not bound by a party's concession as to the meaning of the law" (internal quotations omitted)).

Swanson further contends that he is actually innocent of being a career offender because his predicate bank robbery convictions no longer constitute a crime of violence under the elements clause of U.S.S.G. § 4B1.2. This argument is foreclosed. *See United States v. Watson*, 881 F.3d 782 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018). *Compare* 18 U.S.C. § 924(c)(3)(A) *with* U.S.S.G. § 4B1.2(a)(1).

**AFFIRMED.**

17-15290