**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-56841 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-01517-DMS |
| v. | 3:95-cr-00708-DMS |
| THOMAS JEFFREY MORRISON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted November 6, 2018
Pasadena, California

Before: RAWLINSON and HURWITZ, Circuit Judges, and BOUGH,** District
Judge.

Thomas Jeffrey Morrison appeals the district court's denial of his motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We have

jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

of a § 2255 motion. *See United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014).

We vacate and remand.

In his § 2255 motion, Morrison argued that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior California convictions for robbery under California Penal Code § 211 no longer qualified as "serious violent felonies" for purposes of 18 U.S.C. § 3559(c), the federal three-strikes law. The district court found *Johnson* distinguishable and that the residual clause contained in the § 3559(c)(2)(F)(ii) definition of serious violent felony was not unconstitutionally vague.

During the pendency of this appeal, the Supreme Court issued its decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Supreme Court, applying *Johnson*, struck down the residual clause in 18 U.S.C. § 16(b) as unconstitutionally vague. *See Dimaya*, 138 S.Ct. at 1223. The residual clause in § 16(b) seems materially indistinguishable from the residual clause contained in § 3559(c)(2)(F). Because the district court did not have the benefit of *Dimaya* at the time it denied Morrison's motion, we vacate and remand for the district court to reconsider its ruling in light of that decision.[1]

---

[1] In addition, the Supreme Court has granted certiorari in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *cert. granted* --- S. Ct. --- , 2019 WL 98544 (Jan. 4, 2019), a case addressing whether the "crime of violence" residual clause contained in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

16-56841

Before the district court, and again on appeal, the government argued that Morrison's § 2255 motion should be denied even if the residual clause in § 3559(c)(2)(F)(ii) is unconstitutional. The district court did not address these arguments, and we decline to do so in the first instance. Our remand is without prejudice to the government renewing those arguments before the district court.

**VACATED and REMANDED.**