**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35496 |
| Plaintiff-Appellee, | D.C. Nos. 4:16-cv-00077-BMM |
| v. | 4:12-cr-00065-BMM-2 |
| STEVEN WILLIAM CARPENTER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted June 11, 2019**

Before:     CANBY, GRABER, and MURGUIA, Circuit Judges.

Federal prisoner Steven Carpenter appeals pro se from the district court's

order denying his 28 U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C.

§ 2253. We review de novo, *see United States v. Reves,* 774 F.3d 562, 564 (9th

Cir. 2014), and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Carpenter contends that trial counsel was ineffective for failing to challenge the District of Montana as an improper venue for the mail and wire fraud counts under 18 U.S.C. §§ 1341 and 1343.[1]  Contrary to Carpenter's contentions, the record reflects that Carpenter's conduct had a sufficient connection to Montana to render venue proper on both counts. *See United States v. Pace,* 314 F.3d 344, 349-50 (9th Cir. 2002) (venue for section 1343 is established in those locations where the wire transmission at issue originated, passed through, was received, or from which it was orchestrated); *United States v. Garlick,* 240 F.3d 789, 792 (9th Cir. 2001) (mail and wire fraud have analogous elements); *see also United States v. Gal,* 606 F. App'x 868, 871 (9th Cir. 2015).  Accordingly, Carpenter has not demonstrated that trial counsel's failure to challenge venue was objectively unreasonable.  *See Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *see also Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) (holding that counsel is not ineffective for failing to raise a meritless argument).

We treat Carpenter's additional claim as a motion to expand the certificate of appealability.  So treated, the motion is denied.  *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**

---

[1] The district court also certified for appeal whether Carpenter's appellate counsel was ineffective for failing to raise various sentencing challenges on direct appeal. Carpenter did not address this argument in his briefs and, therefore, waived it.  *See Blanford v. Sacramento County,* 406 F.3d 1110, 1114 n.8 (9th Cir. 2005).