**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES BENTON BAGWELL,<br><br>Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent-Appellee. | No.   18-35675<br>        18-35676<br><br>D.C. Nos.   1:16-cv-00264-BLW<br>                 1:05-cr-00174-BLW-1<br>                 1:16-cv-00265-BLW<br>                 1:05-cr-00132-BLW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted July 15, 2017[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

In these consolidated appeals, Charles Benton Bagwell appeals from the district court's judgments denying his 28 U.S.C. § 2255 motions. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In both appeals, Bagwell contends that his conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), is not a crime of violence for purposes of 18 U.S.C. § 924(c)(3). This argument is foreclosed. *See United States v. Watson*, 881 F.3d 782, 784 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018) (federal armed bank robbery by force and violence or by intimidation is categorically a crime of violence under the force clause of section 924(c)(3)). Moreover, contrary to Bagwell's contention, *Watson* is not "clearly irreconcilable" with *Stokeling v. United States*, 139 S. Ct. 544 (2019). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

In light of this disposition, we do not reach the parties' remaining arguments.

**AFFIRMED.**