**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-16897 |
| Plaintiff-Appellee, | D.C. Nos. 3:18-cv-00401-VC |
| v. | 3:15-cr-00540-VC-1 |
| DUANE CHARLES ACKERMAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Federal prisoner Duane Charles Ackerman appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2255 motion to vacate his sentence.  We

have jurisdiction under 28 U.S.C. § 2253.  Reviewing de novo, *see United States v.*

*Reves,* 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Ackerman contends that his initial, retained counsel provided ineffective assistance leading up to Ackerman's change of plea hearing. The district court did not err by denying Ackerman's claim. Contrary to Ackerman's contentions, Ackerman did not enter into his plea agreement while he was represented by his retained counsel. Instead, Ackerman was appointed and consulted with new counsel before entering the plea agreement. Accordingly, Ackerman cannot demonstrate he suffered any prejudice from his retained counsel's alleged deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Ackerman next contends that his appointed counsel also rendered ineffective assistance by failing to advise him about a possible defense strategy to the 18 U.S.C. § 2251 counts. Because the defense strategy that Ackerman asserts would not have succeeded at trial, *see United States v. Banks,* 556 F.3d 967, 979-80 (9th Cir. 2009), Ackerman cannot demonstrate that he suffered any prejudice, *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

We decline to consider Ackerman's remaining ineffective assistance of counsel claims that were not raised before the district court or in his opening brief. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the district court. Furthermore, on appeal, arguments not raised by a party in its opening brief are deemed waived.").

We treat Ackerman's additional claims as a motion to expand the certificate

18-16897

of appealability.  So treated, the motion is denied.  *See* 9th Cir. R. 22-1(e);

*Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**