**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> FALASHA ALI, <br><br> Defendant-Appellant. | No. 17-16777 <br><br> D.C. Nos. <br> 2:10-cv-00836-APG <br> 2:06-cr-00160-APG-RJJ -1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted January 8, 2019[**]

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Federal prisoner Falasha Ali appeals from the district court's order denying his 28 U.S.C. § 2255 motion to vacate his sentence. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ali contends that his convictions for unarmed and armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), are not crimes of violence for purposes of 18 U.S.C. § 924(c). This argument is foreclosed. *See United States v. Watson*, 881 F.3d 782, 784-86 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018) (federal unarmed and armed bank robbery by force and violence, or by intimidation, are categorically crimes of violence under the force clause of section 924(c)(3)(A)). Ali asserts that *Watson* was wrongly decided, but as a three-judge panel, we are bound by the decision. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

We treat Ali's additional claims as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**