NOT FOR PUBLICATION

FILED

**UNITED STATES COURT OF APPEALS**

DEC 14 2020

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-55463 |
| Plaintiff-Appellee, | D.C. Nos. 8:18-cv-01830-JVS 8:13-cr-00167-JVS-1 |
| v. | |
| JERRY L. AUBREY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 10, 2020**
Pasadena, California

Before: GOULD and R. NELSON, Circuit Judges, and COGAN,*** District Judge.

Defendant-Appellant Jeffrey Aubrey appeals the district court's judgment

dismissing his motion, which was styled as a habeas petition under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

§ 2255, seeking presentencing federal custody credit under U.S.S.G. § 5G1.3 for the period of his presentence detention credited toward his remaining state sentence. The district court concluded it lacked jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

"We review a district court's denial of a § 2255 motion de novo." *United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014) (citation omitted). "The district court's assumption of jurisdiction, the validity of waiver of appellate rights, and equitable tolling decisions are all likewise reviewed de novo." *Id.* (citations omitted).

Because Aubrey is challenging the execution of his sentence, not its legality or propriety, the district court properly determined Aubrey's § 2255 petition actually challenges the manner, location, or conditions of his imprisonment and thereby properly construed it as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *United States v. Giddings*, 740 F.2d 770, 771 (9th Cir. 1984). A § 2241 petition must be filed in the district in which the petitioner is confined or in the district court in the district where the State court that convicted and sentenced the petitioner is located. 28 U.S.C. § 2241(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012).

At the time he filed the petition, Aubrey was imprisoned in the Western

2

District of Texas, and had been originally convicted and sentenced in a Florida state court, but he filed this petition the Central District of California. Given that Aubrey's petition was properly construed as a § 2241 petition and that Aubrey was confined in the Western District of Texas, the district court correctly concluded it lacked jurisdiction over Aubrey's petition and dismissed. *Muth*, 676 F.3d at 818.

**AFFIRMED.**