**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-17240 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 1:16-cv-00228-SOM-KSC |
| | 1:02-cr-00540-SOM-1 |
| TED S. ESTEBAN, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted January 20, 2021**

Before: McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Ted S. Esteban appeals from the district court's judgment denying his 28

U.S.C. § 2255 motion to vacate his conviction and sentence. We have jurisdiction

under 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Reves*, 774 F.3d

562, 564 (9th Cir. 2014), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Esteban challenges his conviction and sentence under 18 U.S.C.
§ 924(c)(1)(B)(i) for using a short-barreled shotgun during a crime of violence.
Esteban's contention that Hobbs Act robbery, 18 U.S.C. § 1951, is not a crime of
violence for purposes of 18 U.S.C. § 924(c)(3)(A) is foreclosed. *See United States
v. Dominguez*, 954 F.3d 1251, 1260-61 (9th Cir. 2020) (reaffirming that Hobbs Act
robbery is a crime of violence under the elements clause of § 924(c)(3)). Esteban
asserts that *Dominguez* was wrongly decided, but as a three-judge panel, we are
bound by the decision. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003)
(en banc) (three-judge panel is bound by circuit precedent unless that precedent is
"clearly irreconcilable" with intervening higher authority).

We deny Esteban's request for initial hearing en banc. *See* Fed. R. App. P.
35(b), (c).

**AFFIRMED.**