**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-55187 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-01575-WQH 3:95-cr-00072-WQH-1 |
| v. | |
| KEITH LAMAR LOTT, AKA Kevin Moore, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Federal prisoner Keith Lamar Lott appeals from the district court's judgment

denying his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. We

have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v.*

*Reves*, 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lott challenges his convictions and sentence under 18 U.S.C. §§ 2 and 924(c)(1) for using and carrying a firearm and aiding and abetting the use and carry of a firearm during the commission of a crime of violence. Lott's contention that Hobbs Act robbery, 18 U.S.C. § 1951, is not a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A) is foreclosed. *See United States v. Dominguez*, 954 F.3d 1251, 1260-61 (9th Cir. 2020) (reaffirming that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)). Lott asserts that *Dominguez* was wrongly decided, but as a three-judge panel, we are bound by the decision. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

**AFFIRMED.**