**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS TORRES, | No. 17-15820 |
| Petitioner-Appellant, | D.C. Nos.<br>4:16-cv-00406-JGZ |
| v. | 4:05-cr-00672-JGZ-JR-1 |
| UNITED STATES OF AMERICA, | |
| Respondent-Appellee. | MEMORANDUM\* |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted January 20, 2021\*\*

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Federal prisoner Carlos Torres appeals from the district court's judgment

denying his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. We

have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v.*

*Reves*, 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torres challenges his conviction and sentence under 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a firearm during a crime of violence. Torres's contention that Hobbs Act robbery, 18 U.S.C. § 1951, is not a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A) is foreclosed. *See United States v. Dominguez*, 954 F.3d 1251, 1260-61 (9th Cir. 2020) (reaffirming that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)). Torres asserts that *Dominguez* was wrongly decided, but as a three-judge panel, we are bound by the decision. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority). The district court therefore properly denied Torres's § 2255 motion. *See Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (en banc) (court "may affirm on any ground supported by the record, even if it differs from the rationale used by the district court").

**AFFIRMED.**