**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ANTONIO DEAN BLACKSTONE,
AKA Lil Sule,
*Defendant-Appellant.*

No. 17-55023

D.C. Nos.
2:16-cv-03872-CAS
2:99-cr-00257-CAS-4

OPINION

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted April 11, 2018
Pasadena, California

Filed September 12, 2018

Before: Mary M. Schroeder, Richard R. Clifton,
and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Clifton

## SUMMARY[*]

### 28 U.S.C. § 2255

The panel affirmed the district court's denial of Antonio Dean Blackstone's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was imposed in 2000 under the then-mandatory Sentencing Guidelines, based in part on the court's conclusion that he had previously been convicted of crimes of violence.

Blackstone argued that his sentence must be vacated because, after *Johnson v. United States*, 135 S. Ct. 2551 (2015), the relevant Sentencing Guidelines provision, U.S.S.G. § 4B1.2, is unconstitutionally vague and, as a result, his prior California convictions are no longer treated as crimes of violence.

The panel held that Blackstone's § 2255 motion is untimely under 28 U.S.C. § 2255(f)(3), which authorizes filing within one year of "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The panel held that the Supreme Court has left open the question of *Johnson*'s application to the mandatory Guidelines, and thus has not yet recognized the right Blackstone asserts. The panel wrote that if the Supreme Court extends *Johnson* to a sentence imposed at a time when the Sentencing Guidelines were mandatory, then Blackstone may be able to bring a timely § 2255 motion, but as of now, his motion is untimely.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel applied the same reasoning to Blackstone's uncertified argument that Hobbs Act robbery is not a "crime of violence" for purposes of 18 U.S.C. § 924(c), writing that the Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness. The panel did not reach the merits. Noting that the Seventh Circuit would conclude that a § 2255 motion based on *Johnson* would be timely – a conclusion with which the panel disagrees but does not consider unreasonable – the panel granted Blackstone's request to expand the certificate of appealability to include the § 924(c) issue, but denied the challenge as untimely.

**COUNSEL**

Alyssa Bell (argued), Deputy Federal Public Defender; Hilary Potashner, Federal Public Defender; Office of the Federal Public Defender, Los Angeles, California; for Defendant-Appellant.

L. Ashley Aull (argued); Bryan Y. Yang, Assistant United States Attorney; Lawrence S. Middleton, Chief, Criminal Division; Sandra R. Brown, United States Attorney; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

**OPINION**

CLIFTON, Circuit Judge:

Antonio Dean Blackstone appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, the version of habeas corpus review that applies to federal sentences. In May 2000, Blackstone was sentenced to 290 months of incarceration under the then-mandatory Sentencing Guidelines, based in part on the court's conclusion that he had previously been convicted of crimes of violence. Blackstone argues that his sentence must be vacated because, after *Johnson v. United States*, 135 S. Ct. 2551 (2015), the relevant Sentencing Guideline provision, U.S.S.G. § 4B1.2, is unconstitutionally vague and, as a result, his prior California convictions are no longer treated as crimes of violence under the federal sentencing laws.

Normally, a § 2255 motion must be filed within a year of the date the conviction became final, a period that expired years ago for Blackstone. *See* 28 U.S.C. § 2255(f)(1). The statute also authorizes filing within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). Blackstone argues that the Supreme Court recognized a new right in *Johnson*, a right that was made retroactively applicable in *Welch v. United States*, 136 S. Ct. 1257 (2016). We conclude, however, that the Supreme Court has not yet recognized the right asserted by Blackstone. The Supreme Court has not held that the mandatory Sentencing Guidelines are subject to this vagueness challenge. As a result, Blackstone's current

motion is not timely under the statute. In reaching that conclusion, we agree with similar rulings by three other circuit courts that have considered this issue. We deny a similar challenge by Blackstone to a conviction and sentence under 18 U.S.C. § 924(c) for use of a firearm during a crime of violence because the Supreme Court has not recognized that right, either. We affirm the denial of Blackstone's motion.

## I.  Background

On August 19, 1999, a jury found Antonio Dean Blackstone guilty of multiple offenses: conspiring to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951; committing Hobbs Act robbery; and using and carrying a firearm during a "crime of violence," in violation of 18 U.S.C. § 924(c). On May 8, 2000, the district court sentenced Blackstone to a total of 290 months of incarceration. That total consisted of two parts: 230 months for the two Hobbs Act convictions (specifically, two sentences each of 230 months to be served concurrently), and sixty months for the 18 U.S.C. § 924(c) conviction, to be served consecutively to the Hobbs Act sentences. When Blackstone was sentenced, the Sentencing Guidelines were mandatory, not advisory. *See United States v. Booker*, 543 U.S. 220, 245 (2005) (holding that prior mandatory application of the Sentencing Guidelines had violated the Sixth Amendment and that the Guidelines were "effectively advisory" going forward).

In calculating the sentence, the district court concluded that Blackstone qualified as a career offender under U.S.S.G. § 4B1.1, also known as the career offender Guideline, because he had previously been convicted of two prior felony

crimes of violence: second-degree robbery, in violation of California Penal Code § 211; and voluntary manslaughter, in violation of California Penal Code § 192(a). As a result, Blackstone's Guideline range for the two Hobbs Act convictions increased from 70 to 87 months to 210 to 240 months. The district court imposed a sentence of 230 months for those counts. The firearms conviction carried a mandatory consecutive sentence of 60 months, 18 U.S.C. § 924(c)(1), bringing the total to 290 months.

Blackstone appealed his sentence, but this court affirmed. *United States v. Gaines*, 8 F. App'x 635 (9th Cir. 2001). Blackstone's petition for a writ of certiorari was denied. *Blackstone v. United States*, 534 U.S. 910 (2001). Thereafter, Blackstone filed a 28 U.S.C. § 2255 motion and a 28 U.S.C. § 2241 petition, both of which were denied and neither of which raised the issues presented in this appeal.

Within one year after the Supreme Court issued its opinion in *Johnson*, Blackstone filed an application with this court for authorization to file a second or successive motion to vacate under § 2255. That application was granted, and Blackstone filed his motion to vacate with the district court.

Blackstone's motion presented two primary arguments. For one, he argued that *Johnson* also applies to the mandatory Sentencing Guidelines, in particular to the residual clause of the definition of "crime of violence" within the career offender enhancement provision, U.S.S.G. § 4B1.2. Because his prior California convictions only qualified as crimes of violence based on the residual clause, he contended, his sentence for the Hobbs Act robbery convictions should be vacated and a new sentence imposed. In addition, he argued that the residual clause in 18 U.S.C. § 924(c) is void for

vagueness following *Johnson*, so his conviction and consecutive sentence for use of a firearm in connection with a crime of violence should be vacated.

The district court concluded that Blackstone's motion was timely because *Johnson* applied retroactively on collateral review to the Sentencing Guidelines and to the firearms statute, 18 U.S.C. § 924(c). But the district court denied Blackstone's motion on the merits. It held that, even after *Johnson*, Blackstone's prior California convictions for robbery and voluntary manslaughter are still crimes of violence under U.S.S.G. § 4B1.2. The district court granted a certificate of appealability on that issue. The district court held that Blackstone's current Hobbs Act robbery convictions are for crimes of violence under 18 U.S.C. § 924(c) and did not grant a certificate of appealability for that issue.

## II. The Timeliness of the Motion

We review the denial of Blackstone's motion de novo. *See United States v. Geozos*, 870 F.3d 890, 894 (9th Cir. 2017). We will take up Blackstone's two challenges separately.

### A. The Hobbs Act Robbery Sentences

In addition to disputing Blackstone's arguments on the merits, the Government continues to argue that Blackstone's § 2255 motion is untimely. It contends that the Supreme Court's decisions in *Johnson* and *Welch* have not authorized a motion by Blackstone at this point because those decisions pertained to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), and that neither addressed whether

*Johnson* applies to other clauses providing for enhanced sentences based on convictions for crimes of violence.

Under the statute of limitations applicable to a § 2255 motion challenging a federal conviction and sentence, 28 U.S.C. § 2255(f), a defendant has one year to file such a motion, measured from the latest of four possible dates. Two of those dates are relevant here. One is "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). That was in 2001 for Blackstone, so the current motion is too late under that measure. The other is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). In other words, a right newly recognized by the Supreme Court may open the door to filing a § 2255 motion later in time. The question presented in this case is whether *Johnson* and *Welch* have opened that door. We conclude that they have not.

### 1. *Johnson* and Subsequent Supreme Court Decisions

In *Johnson*, the Supreme Court held that part of the definition of "violent felony" in the ACCA is void for vagueness. 135 S. Ct. at 2557. The ACCA provided for a sentencing enhancement if a defendant had three previous convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The statute defined "violent

felony" in multiple ways.[1] The problem identified in *Johnson* concerned the last portion of the definition, commonly referred to as the "residual clause": "or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii).

The Supreme Court held that the ACCA's residual clause is unconstitutionally vague because it left "grave uncertainty" about both "how to estimate the risk posed by a crime" and "how much risk it takes for a crime to qualify as a violent felony." *Johnson*, 135 S. Ct. at 2557–58; *see also id.* at 2556 ("Our cases establish that the Government violates [the Fifth Amendment] by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."). *Johnson* did not invalidate the other portions of the definition. In *Welch*, the Court held that *Johnson* could be applied retroactively to cases on collateral review. 136 S. Ct. at 1265.

---

[1] "Violent felony" is defined in 18 U.S.C. § 924(e)(2)(B) as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that–

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

The Supreme Court has considered the application of its *Johnson* holding in other contexts. Last year it held that *Johnson* does not apply to sentences imposed under the advisory Sentencing Guidelines. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). The Court concluded that, because the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," they are not subject to vagueness challenges. *Id.* at 892.

Earlier this year, in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court considered whether the reasoning of *Johnson* applies to the Immigration and Nationality Act (INA), which defines the term "crime of violence" by reference to 18 U.S.C. § 16 and in a manner similar to the ACCA. 138 S. Ct. at 1210–11. Affirming a decision by this court, *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), the Court concluded that 18 U.S.C. § 16(b) is unconstitutionally vague because it creates "more unpredictability and arbitrariness than the Due Process Clause tolerates." *Dimaya*, 138 S. Ct. at 1216 (internal quotation marks omitted).

### 2. Timeliness of Blackstone's Motion

Blackstone argues that *Johnson* announced a new rule that is retroactive on collateral review, and that he therefore filed a timely motion.[2] Although they may suggest what the

---

[2] In his Reply Brief, Blackstone argues that the Government waived its timeliness argument by not raising it with the district court. The Government has consistently argued that Blackstone's motion is time-barred. The Government's contention that *Johnson* did not announce a new rule that applies to the instant case is an "alternative argument to support what has been [its] consistent claim from the beginning." *See United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004).

answer might be, the Supreme Court's recent cases did not recognize the right needed to make Blackstone's motion timely.

Neither *Johnson* nor *Welch* mentioned the mandatory or advisory Sentencing Guidelines. When the Court did consider the application of the *Johnson* rule to the Sentencing Guidelines, it held that the rule did not apply to sentences imposed while the Guidelines were advisory. That may permit an inference that the Court might reach a different result regarding a sentence imposed while the Guidelines were mandatory, such as Blackstone's, but that inference has not been recognized by the Court. To the contrary, a concurring opinion in *Beckles* explicitly described that question as an issue that remains open. *See Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in the judgment) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before [*Booker*] . . . may mount vagueness attacks on their sentences. That question is not presented by this case and I, like the majority, take no position on its appropriate resolution." (citations omitted)). The *Beckles* majority expressed no disagreement with that view.

---

"As the Supreme Court has made clear, it is claims that are deemed waived or forfeited, not arguments." *Id.* That the Government's argument to us might have been expressed differently, based in large part on subsequent caselaw, does not alter the fact that the Government has argued throughout that Blackstone's motion is untimely. In the cases that Blackstone cites, a party failed to raise a statute of limitations defense or conceded timeliness. *See, e.g.*, *Wood v. Milyard*, 566 U.S. 463, 473 (2012) ("[W]e decline to adopt an absolute rule barring a court of appeals from raising, on its own motion, a forfeited timeliness defense."). That is not true here.

The statute of limitations at issue here was part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. No. 104-132, § 105, 110 Stat. 1214 (1996). The Supreme Court has repeatedly admonished our court not to advance on its own in determining what rights have been recognized by the Supreme Court under AEDPA. *See, e.g.*, *Lopez v. Smith*, 135 S. Ct. 1, 4 (2014) (per curiam) ("We have before cautioned the lower courts—and the Ninth Circuit in particular—against framing our precedents at such a high level of generality." (internal quotation marks omitted)); *Nevada v. Jackson*, 569 U.S. 505, 512 (2013) ("By framing our precedents at such a high level of generality, a lower federal court could transform even the most imaginative extension of existing case law into 'clearly established Federal law, as determined by the Supreme Court.'" (quoting 28 U.S.C. § 2254(d)(1))). We are regularly called upon to apply and extend Supreme Court holdings to different contexts, of course, but AEDPA expressly limits our ability to do that here.

It is not always obvious whether and how the Supreme Court will extend its holdings to different contexts. Our court had previously inferred that the logic of *Johnson* would extend to the Sentencing Guidelines and so held in *United States v. Hernandez-Lara*, 817 F.3d 651 (9th Cir. 2016) (per curiam), but the Supreme Court disagreed in *Beckles* and subsequently vacated our decision, 138 S. Ct. 1976 (2018) (mem.). In *Dimaya*, the Court affirmed our court's application of *Johnson* to the residual clause in 18 U.S.C. § 16(b), but it took a lengthy discussion to reach that conclusion, and four justices disagreed. In those cases, our court was not limited by AEDPA from reaching the issue of how far to extend *Johnson*, but in this case we are. We conclude that Blackstone's motion is not timely because the

Supreme Court has not yet recognized the right that Blackstone seeks to assert.

Three other circuits have agreed with our conclusion. The Sixth Circuit explained that *Beckles* concerned only *Johnson*'s application to the advisory Sentencing Guidelines, and that its application to the mandatory Guidelines "is an open question." *Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 2661 (2018) (mem.). "Because it is an open question, it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Id.* at 630 (quoting 28 U.S.C. § 2255(f)(3)).

The Fourth Circuit took a similar approach, concluding that, "if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017), *petition for cert. filed* (U.S. June 8, 2018) (No. 17-9276).

Most recently, the Tenth Circuit opined that "it is apparent that [the movant] has not raised a true *Johnson* claim because he was not sentenced under any clause of the ACCA." *United States v. Greer*, 881 F.3d 1241, 1248 (10th Cir. 2018), *petition for cert. filed* (U.S. May 4, 2018) (No. 17-8775). The Tenth Circuit reasoned that to entertain an argument that has not been directly recognized by the Supreme Court "would undermine Congress's intent in passing AEDPA and the interests of comity and finality underlying federal habeas review." *Id.* (internal quotation marks omitted).

Only one circuit that has considered this matter has held differently.  In *Cross v. United States*, the Seventh Circuit rejected the reasoning of the Fourth and Sixth Circuits (it did not consider the Tenth Circuit's holding in *Greer*) and held instead that their approach "improperly reads a merits analysis into the limitations period."  892 F.3d 288, 293 (7th Cir. 2018).  According to the Seventh Circuit, 28 U.S.C. § 2255(f)(3) "does not say that the movant must ultimately *prove* that the right applies to his situation; he need only claim the benefit of a right that the Supreme Court has recently recognized."  *Id.* at 294.  *Cross* states that this is the only way to construe the statute without reading "asserted" out of it.  *Id.*; *see also* 28 U.S.C. § 2255(f)(3).

We disagree with the interpretation of the Seventh Circuit.  The right that a movant asserts must be "initially recognized by the Supreme Court."  *See* 28 U.S.C. § 2255(f)(3).  The Seventh Circuit explained that, "[u]nder *Johnson*, a person has a right not to have his sentence *dictated* by the unconstitutionally vague language of the mandatory residual clause."  892 F.3d at 294.  But *Johnson* did not recognize a right expressed in such broad terms, and in concluding otherwise the Seventh Circuit failed to consider the intent and purpose of AEDPA.  Particularly in light of the statement in Justice Sotomayor's concurring opinion in *Beckles* that the question remains open before the Court, it is not for us to declare anything to the contrary.[3]

---

[3] Blackstone argues that, in *Moore v. United States*, 871 F.3d 72 (1st Cir. 2017), the First Circuit also held that *Johnson* announced a new rule that applies retroactively on collateral review to the mandatory career offender Guideline. The Seventh Circuit in *Cross* also cited *Moore* to that effect.  *See Cross*, 892 F.3d at 293.  But *Moore* considered only the certification required before a second or successive motion can be filed in district court pursuant to 28 U.S.C. § 2255(h)(2). 871 F.3d at 74.  The

In sum, *Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review. If the Court extends *Johnson* to a sentence imposed at a time when the Sentencing Guidelines were mandatory, then Blackstone may be able to bring a timely motion under § 2255.  As of now, however, Blackstone's motion is untimely.

## B.  The Firearms Conviction Under 18 U.S.C. § 924(c)

Before the district court, Blackstone argued that he is actually innocent of his 18 U.S.C. § 924(c) conviction for using a firearm during a crime of violence because, after *Johnson*, Hobbs Act robbery is not a "crime of violence" under that statute.  18 U.S.C. § 924(c)(1)(A).  That statute requires the imposition of an additional consecutive sentence on a defendant convicted of a "crime of violence" while using or carrying a firearm.  "Crime of violence" is defined in two ways, the latter of which is commonly referred to as the "residual clause": "that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the

---

Supreme Court has explained considering such an application does not require "the courts of appeals . . . to engage in [a] difficult legal analysis," so it is not clear to us that the First Circuit has reached a definitive conclusion on the question.  *See Tyler v. Cain*, 533 U.S. 656, 664 (2001). The fact that our court previously granted Blackstone permission to file a second or successive motion does not preclude our consideration of the issue on the merits.  To the extent that *Moore* did state a conclusion by the First Circuit, we disagree for the reasons already stated.

offense."**⁴** *Id.* § 924(c)(3); *see also United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) (per curiam), *petition for cert. filed* (U.S. June 28, 2018) (No. 18-5022). Blackstone's sentence was increased by an additional sixty months as a result of its application. As noted above, the district court rejected Blackstone's argument on the merits, and it did not grant a certificate of appealability on that issue.

Blackstone has raised this issue in his opening brief to this court, as permitted under our rules. *See* 9th Cir. R. 22-1(e). We treat Blackstone's discussion of an uncertified issue as a request to expand the certificate of appealability issued by the district court. *Solis v. Garcia*, 219 F.3d 922, 926 (9th Cir. 2000). We may only consider the issue "if the applicant made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

We held above that *Johnson* did not announce a new rule that is applicable to the mandatory Sentencing Guidelines. The same reasoning applies to Blackstone's uncertified argument that Hobbs Act robbery is not a "crime of violence" for purposes of 18 U.S.C. § 924(c). The Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment. Blackstone's uncertified challenge is time-barred.

---

**⁴** "Crime of violence" is defined in 18 U.S.C. § 924(c)(3) as follows:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

What that means for the request to expand the certificate of appealability to reach the § 924(c) issue presents an interesting quandary.  The district court denied the certificate based on its evaluation of the merits of the argument, concluding that there was not a colorable argument that Hobbs Act robbery did not constitute a crime of violence.  We have not reached the merits, rejecting Blackstone's application based on our conclusion that his application is untimely at this point.  "Where a plain procedural bar is present . . . a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   "In such a circumstance, no appeal would be warranted."  *Id.*   But it appears that the Seventh Circuit would conclude that an application would be timely based on *Johnson*.  *See Cross*, 892 F.3d at 294.

Although we disagree, we would not describe that court's conclusion as unreasonable.  Because we have not reached the merits, we are not in a position to deny the application on the basis relied upon by the district court, even though it might well be correct that there is not a question debatable among reasonable jurists as to whether Hobbs Act robbery is a crime of violence under § 924(c).  To err on the side of caution, we grant Blackstone's request for a certificate of appealability on this issue, but deny that challenge as untimely.

## III.   Conclusion

The district court's denial of Blackstone's § 2255 motion is affirmed.  The Supreme Court may hold in the future that *Johnson* extends to sentences imposed when the Sentencing

Guidelines were mandatory or pursuant to 18 U.S.C. § 924(c), but until then Blackstone's motion is untimely.

**AFFIRMED.**