NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELVIN HODGES, Jr.,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No.    17-35408

D.C. No. 2:16-cv-01521-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted July 26, 2019[**]
Seattle, Washington

Before:  BERZON and HURWITZ, Circuit Judges, and DEARIE,[***] District
Judge.

Melvin Hodges, Jr. appeals a district court order denying a 28 U.S.C. § 2255

motion to vacate his sentence.  We have jurisdiction under 28 U.S.C. § 2253 and

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Raymond J. Dearie, United States District Judge for
the Eastern District of New York, sitting by designation.

affirm.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) generally requires that a § 2255 motion be filed within one year after a conviction becomes final. 28 U.S.C. § 2255(f)(1). Hodges filed his motion more than one year after his conviction became final. He argues that it is nonetheless timely because he was sentenced as a career offender under the residual clause in § 4B1.2(a)(2) of the then-mandatory Sentencing Guidelines, and that the logic of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), makes that provision unconstitutional. *See* 28 U.S.C. § 2255(f)(3) (providing that if a § 2255 motion is based on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the limitations period begins to runs on the date that the Court first recognized the right). But the Supreme Court has not applied *Johnson* to mandatory sentences under the Guidelines. Hodges' motion is therefore untimely. *See United States v. Blackstone*, 903 F.3d 1020, 1026–28 (9th Cir. 2018), *cert. denied*, No. 18-9368, 2019 WL 2211790 (U.S. June 24, 2019).

**AFFIRMED**.

FILED

JUL 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Hodges v. United States*, No. 17-35408

BERZON, Circuit Judge, concurring:

I concur in the disposition because this court's decision in *United States v. Blackstone* controls. *See* 903 F.3d 1020, 1026–28 (9th Cir. 2018), *cert. denied*, No. 18-9368, 2019 WL 2211790 (U.S. June 24, 2019). I write separately to note that in my view, *Blackstone* was wrongly decided.

There is a circuit split over the applicability of 28 U.S.C. § 2255(f)(3) to section 2255 motions based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), where the challenged sentence was mandatorily enhanced by a residual clause with language parallel to the clause found unconstitutionally vague in *Johnson*, but contained in a different statute from the one *Johnson* considered. The Seventh Circuit, the First Circuit, and district courts have persuasively reached a conclusion contrary to our decision in *Blackstone*. *See Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018) (section 2255 motion filed within one year of *Johnson* was timely under 28 U.S.C. § 2255(f)(3), broadly interpreting *Johnson* to newly recognize "a right not to have his sentence *dictated* by the unconstitutionally vague language of the mandatory residual clause"); *Moore v. United States*, 871 F.3d 72, 82–83 (1st Cir. 2017) (employing the same interpretation of *Johnson* in certifying a successive motion under section 2255, and rejecting the Fourth and Sixth Circuit's contrary, narrower interpretation of *Johnson*); *United States v. Meadows*, No. 04-

1

cr-14-LY, 2019 WL 2995929 (W.D. Tex. July 9, 2019). I believe the Seventh and First Circuits have correctly decided this question. However, because *Blackstone* controls here, I concur in the judgment.