NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-56766 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-01509-BTM |
| v. | 3:97-cr-02903-BTM-1 |
| MICHAEL TYRONE SIMPSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted August 19, 2019**

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Federal prisoner Michael Tyrone Simpson appeals from the district court's

order denying his 28 U.S.C. § 2255 motion to vacate his sentence.  We have

jurisdiction under 28 U.S.C. § 2253.  Reviewing de novo, *see United States v.*

*Reves,* 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Simpson asserts that his prior conviction under Cal. Penal Code § 211 does not constitute a crime of violence under the enumerated offense clause of the career offender Sentencing Guidelines, and thus his sentence must be vacated because the residual clause of the mandatory career offender Guidelines is unconstitutional in light of *Johnson v. United States,* 135 S. Ct. 2551 (2015). The government contends that Simpson's section 2255 motion is untimely because he is asserting a right that the Supreme Court has not yet recognized. We agree.[1] Contrary to Simpson's assertion, "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *United States v. Blackstone,* 903 F.3d 1020, 1028 (9th Cir. 2018), *cert. denied*, No. 18-9368, 2019 WL 2211790 (June 24, 2019). Therefore, Simpson's section 2255 motion is untimely. *See* 28 U.S.C. § 2255(f)(3); *see also White v. Klitzkie,* 281 F.3d 920, 922 (9th Cir. 2002) ("[W]e can affirm the district court on any ground supported by the record.").

Simpson also contends that his conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), is not a crime of violence for purposes of 18 U.S.C. § 924(c). This argument is foreclosed. *See United States v. Watson,* 881 F.3d 782, 784, 786 (9th Cir.), *cert. denied,* 139 S. Ct. 203 (2018) (federal armed

---

[1] We conclude that the government's footnote regarding timeliness in its opposition to Simpson's section 2255 motion preserved this argument.

bank robbery by force and violence, or by intimidation, is categorically a crime of violence under the force clause of section 924(c)(3)(A)).

**AFFIRMED.**