NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-16395 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 1:16-cv-00686-ACK-KJM |
|  | 1:99-cr-00465-ACK-1 |
| DOUGLAS AKIRA HIRANO, AKA Kevin Higashi, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted August 19, 2019**

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Federal prisoner Douglas Akira Hirano appeals from the district court's

order denying his 28 U.S.C. § 2255 motion to vacate his sentence.  We have

jurisdiction under 28 U.S.C. § 2253.  We review de novo, *see United States v.*

*Reves,* 774 F.3d 562, 564 (9th Cir. 2014), and we affirm.

---

         *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

         **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hirano contends that the district court erred by denying his section 2255 motion because the holding in *Johnson v. United States,* 135 S. Ct. 2551 (2015), applies equally to the mandatory Sentencing Guidelines.  He asserts that his sentence must be vacated because the textually identical residual clauses of the career offender provision, U.S.S.G. § 4B1.1, and armed career criminal provision, U.S.S.G. § 4B1.4(a), of the mandatory Guidelines under which he was sentenced are unconstitutional in light of *Johnson*.  Contrary to Hirano's assertions, "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *United States v. Blackstone,* 903 F.3d 1020, 1028 (9th Cir. 2018), *cert. denied*, No. 18-9368, 2019 WL 2211790 (June 24, 2019). Accordingly, the district court properly denied relief under section 2255.

**AFFIRMED.**