**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-35867 |
| Plaintiff-Appellee, | D.C. Nos. 6:16-cv-01218-MC |
| v. | 6:98-cr-60099-MC-1 |
| SCOTT MICHAEL PATRICK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted November 18, 2019**

Before:     CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Federal prisoner Scott Michael Patrick appeals from the district court's order denying his 28 U.S.C. § 2255 motion to vacate his sentence. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, *see United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Patrick contends that the district court improperly denied his section 2255 motion as untimely. He asserts that his section 2255 motion is timely because he filed it within one year of *Johnson v. United States,* 135 S. Ct. 2551 (2015), a decision which he contends applies to the mandatory career offender Sentencing Guidelines provision, U.S.S.G. § 4B1.2, under which he was sentenced. This argument is foreclosed because "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *United States v. Blackstone,* 903 F.3d 1020, 1028 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2762 (2019). Contrary to Patrick's argument, our decision in *Blackstone* is not "clearly irreconcilable" with *United States v. Davis*, 139 S. Ct. 2319 (2019). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Accordingly, the district court properly concluded that section 2255(f)(3) does not apply and Patrick's motion is untimely. *See* 28 U.S.C. § 2255(f)(1).

In light of this disposition, we do not reach the parties' remaining arguments.

The government's motion for summary affirmance is denied as moot.

**AFFIRMED.**