NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-15157 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:16-cv-03064-GEB-CKD |
| | 2:99-cr-00369-GEB-CKD-1 |
| STANLEY EDWARD JAMISON, Jr., | |
| | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted December 11, 2019[**]

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Federal prisoner Stanley Edward Jamison, Jr., appeals from the district

court's order denying his 28 U.S.C. § 2255 motion to vacate his sentence. We

have jurisdiction under 28 U.S.C. § 2253. We review de novo, *see United States v.*

*Reves*, 774 F.3d 562, 564 (9th Cir. 2014), and we affirm.

Jamison contends that the district court abused its discretion by considering

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sua sponte the timeliness of his section 2255 motion. He also argues that the motion was timely filed within one year of the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), because he was sentenced as a career offender according to a provision of the mandatory Guidelines that must be void for vagueness under the logic of *Johnson*. *See* 28 U.S.C. § 2255(f)(3); U.S.S.G. §§ 4B1.1, 4B1.2. We first conclude that the government did not deliberately waive a statute of limitations defense and that the district court did not abuse its discretion by sua sponte considering the timeliness of the motion. *See Day v. McDonough*, 547 U.S. 198, 202, 207-11 (2006) (district court is permitted to consider the timeliness of a habeas motion sua sponte if it accords the parties fair notice and an opportunity to present their positions). Further, Jamison's reliance on *Johnson* is foreclosed because "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *United States v. Blackstone,* 903 F.3d 1020, 1028 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2762 (2019). Accordingly, the district court properly concluded that section 2255(f)(3) does not apply and that Jamison's motion is untimely. *See* 28 U.S.C. § 2255(f)(1).

**AFFIRMED.**