**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-35779 |
| Plaintiff-Appellee, | D.C. Nos. 6:16-cv-01235-MC<br>6:96-cr-60132-MC-1 |
| v. | |
| JAMES CHRIS COLASANTI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted December 11, 2019**

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Federal prisoner James Chris Colasanti appeals from the district court's

order denying his 28 U.S.C. § 2255 motion to vacate his sentence. We have

jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v.*

*Reves*, 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Colasanti contends that the district court abused its discretion by considering the timeliness of his section 2255 motion. We conclude that the government did not deliberately waive a statute of limitations defense and the district court did not abuse its discretion by considering the timeliness of the motion. *See Day v. McDonough*, 547 U.S. 198, 202, 207-10 (2006) (district court may consider the timeliness of a habeas petition sua sponte if parties are given fair notice and an opportunity to present their positions).

Colasanti next asserts that his section 2255 motion is timely because he filed it within one year of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the right recognized in *Johnson* applies to the mandatory career offender guideline under which he was sentenced. Colasanti's reliance on *Johnson* is foreclosed because "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2762 (2019). Contrary to Colasanti's argument, our decision in *Blackstone* is not "clearly irreconcilable" with *United States v. Davis*, 139 S. Ct. 2319 (2019). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Accordingly, the district court properly concluded that section 2255(f)(3) does not apply and Colasanti's motion is untimely. *See* 28 U.S.C. § 2255(f)(1).

In light of this disposition, we do not reach the parties' remaining

17-35779

arguments.

The government's motion for summary affirmance is denied as moot.

**AFFIRMED.**