**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-35979 |
| Plaintiff-Appellee, | D.C. Nos.  3:16-cv-01234-HZ |
| v. | 3:01-cr-00168-HZ-1 |
| DAVID ERNEST GILDERSLEEVE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted December 11, 2019**

Before:      WALLACE, CANBY, and TASHIMA, Circuit Judges.

Federal prisoner David Ernest Gildersleeve appeals from the district court's

judgment denying his 28 U.S.C. § 2255 motion to vacate his sentence.  We have

jurisdiction under 28 U.S.C. § 2253.  Reviewing de novo, *see United States v.*

*Reves*, 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gildersleeve contends that the district court erred by denying his section 2255 motion as untimely.  He asserts that his section 2255 motion is timely because he filed it within one year of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the right recognized in *Johnson* applies to the mandatory career offender guideline under which he was sentenced.  This argument is foreclosed because "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review."  *United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018), *cert. denied*, 139 S. Ct.  2762 (2019).  Contrary to Gildersleeve's contention, our decision in *Blackstone* is not "clearly irreconcilable" with *United States v. Davis*, 139 S. Ct. 2319 (2019).  *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).  Accordingly, the district court properly concluded that section 2255(f)(3) does not apply and that Gildersleeve's motion is untimely.  *See* 28 U.S.C. § 2255(f)(1).

**AFFIRMED.**