**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-17066 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:16-cv-03066-KJM-AC |
| | 2:95-cr-00482-KJM-AC-2 |
| BRIAN VIDRINE, | |
| | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Federal prisoner Brian Vidrine appeals from the district court's order

denying his 28 U.S.C. § 2255 motion to vacate his sentence. We have jurisdiction

under 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Reves*, 774 F.3d

562, 564 (9th Cir. 2014), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Vidrine contends that his convictions for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), are not crimes of violence for purposes of 18 U.S.C. § 924(c). This argument is foreclosed. *See United States v. Watson*, 881 F.3d 782, 784, 786 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018) (federal armed bank robbery by force and violence, or by intimidation, is categorically a crime of violence under the force clause of section 924(c)(3)(A)). Vidrine asserts that *Watson* was wrongly decided, but as a three-judge panel, we are bound by the decision. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

Vidrine also contends that his sentence must be vacated because the residual clause of the career offender provision, U.S.S.G. § 4B1.2, of the mandatory Guidelines under which he was sentenced is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Contrary to Vidrine's assertions, "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2762 (2019). Further, our decision in *Blackstone* is not "clearly irreconcilable" with *United States v. Davis*, 139 S. Ct. 2319 (2019). *See Miller*, 335 F.3d at 900. Accordingly, the district court properly concluded

that Vidrine's challenge to his career offender designation was untimely. *See* 28 U.S.C. § 2255(f)(1), (3).

Finally, we decline to consider Vidrine's argument that he is entitled to equitable tolling. This argument was not raised before the district court or in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the district court. Furthermore, on appeal, arguments not raised by a party in its opening brief are deemed waived.").

**AFFIRMED.**