NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS VALENZUELA, AKA Jose Luis Valenzuela-Gomez,<br><br>    Petitioner-Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent-Appellee. | No.  18-35194<br><br>D.C. Nos.  1:16-cv-00249-EJL<br>        1:03-cr-00032-EJL-2<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted December 11, 2019**

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Federal prisoner Jose Luis Valenzuela appeals from the district court's

judgment dismissing his 28 U.S.C. § 2255 motion to vacate his sentence.  We have

jurisdiction under 28 U.S.C. § 2253.  We review de novo, *see United States v.*

*Reves*, 774 F.3d 562, 564 (9th Cir. 2014), and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Valenzuela contends that the district court erred by denying as untimely his section 2255 motion. He argues that the motion was timely because it was filed within one year of the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), and the logic of *Johnson* extends to the residual clause of the mandatory career-offender guideline under which he was sentenced. *See* 28 U.S.C. § 2255(f)(3); U.S.S.G. §§ 4B1.1, 4B1.2. This argument is foreclosed because "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *United States v. Blackstone,* 903 F.3d 1020, 1028 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2762 (2019). Accordingly, the district court properly concluded that section 2255(f)(3) does not apply and that Valenzuela's motion is untimely. *See* 28 U.S.C. § 2255(f)(1).

**AFFIRMED.**