**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| RALPH STEPHEN GAMBINA, AKA Jack Dawson, AKA Jack Franco, AKA Tony Franco, AKA Ralph Stephen Gambin, AKA Jack Kiwa, <br><br> Petitioner-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent-Appellee. | No. 17-56308 <br><br> D.C. Nos. 2:16-cv-04583-AWT <br> 2:89-cr-00923-AWT-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
A. Wallace Tashima, Circuit Judge, Presiding

Submitted November 12, 2020**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CHRISTEN and WATFORD, Circuit Judges, and ROSENTHAL,*** Chief District Judge.

In 1991, Appellant Ralph Stephen Gambina was convicted of one count of kidnapping during an armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), (e); one count of kidnapping during an attempted armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), (e); and two counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). On June 23, 2016, Gambina filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion. Gambina appeals, contending that his 1991 bank robbery convictions are not categorically "crimes of violence" under § 924(c). Gambina also argues that his 1974 conviction for bank robbery and his 1976 conviction for assault on a federal officer were not "crimes of violence" for purposes of the United States Sentencing Guidelines' career-offender provision, U.S.S.G. § 4B1.1.

We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's order denying § 2255 relief. *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc). We affirm.

---

*** The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

1.  Gambina's 1991 convictions under 18 U.S.C. § 2113(a), (d), (e) qualify as "crimes of violence" pursuant to § 924(c).  To support a conviction under § 924(c), the defendant must have committed a "crime of violence."  Pursuant to § 924(c)(3)(A), a "crime of violence" is defined as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  "An offense is categorically a crime of violence only if the least violent form of the offense qualifies as a crime of violence." *United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 203 (2018).

Gambina was convicted of aggravated bank robbery under § 2113(a), (d), (e).  Section 2113(d) provides increased penalties for a bank robber if he, "in committing, or in attempting to commit, any offense defined in [§§ 2113(a) and (b)], assault[s] any person, or put[s] in jeopardy the life of any person by the use of a dangerous weapon or device." We conclude that "assault[ing]" someone or putting a life in "jeopardy . . . by the use of a dangerous weapon," requires the "use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A).  Accordingly, Gambina's § 924(c) convictions are valid.

2. Gambina's challenge to the district court's application of the career-offender guideline, U.S.S.G. § 4B1.1, is foreclosed by our decision in *United States v. Blackstone*, 903 F.3d 1020, 1026-28 (9th Cir. 2018). Gambina argues that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which struck down the residual clause of the Armed Career Criminal Act (ACCA), necessarily struck down U.S.S.G. § 4B1.2's identical residual clause. Our court rejected this argument in *Blackstone*, 903 F.3d at 1026-28, and we are bound to our prior decision. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc) (holding that a three-judge panel may not overrule a prior decision of the court). Accordingly, the district court did not err by denying Gambina's § 2255 motion as to this ground.

**AFFIRMED**.