**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-16224 |
| Plaintiff-Appellee, | D.C. Nos.  1:17-cv-00252-DAD |
| v. | 1:96-cr-05272-DAD-1 |
| RONALD CASTANON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted January 19, 2022[**]

Before: SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Federal prisoner Ronald Castanon appeals from the district court's order

denying his 28 U.S.C. § 2255 motion to vacate his sentence. We have jurisdiction

under 28 U.S.C § 2253. Reviewing de novo, *see United States v. Reves*, 774 F.3d

562, 564 (9th Cir. 2014), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Castanon contends that the district court erred by denying his § 2255 motion as untimely. He asserts that his motion is timely because he filed it within one year of the Supreme Court decision in *Johnson v. United States*, 576 U.S. 591 (2015). However, Castanon's argument that *Johnson* applies to the mandatory career offender Guideline under which he was sentenced is foreclosed. *See United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018) ("*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review."). Contrary to Castanon's argument, our decision in *Blackstone* is not "clearly irreconcilable" with *United States v. Davis*, 139 S. Ct. 2319 (2019). *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Accordingly, the district court properly concluded that § 2255(f)(3) does not apply and Castanon's motion is untimely. *See* 28 U.S.C. § 2255(f)(1).

We treat Castanon's additional arguments as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**