**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OCT 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONORIO BAUTISTA, | No.   21-17075 |
| Petitioner-Appellant, | D.C. No. 3:20-cv-01893-VC |
| v. | |
| LUIS MARTINEZ, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted July 12, 2024
San Francisco, California

Before:  HIGGINSON,[**] MENDOZA, and DESAI, Circuit Judges.

Honorio Bautista, a California state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28

U.S.C. §§ 1291 and 2253. We review the district court's decision to deny a § 2254

habeas petition de novo and its findings of fact for clear error. *Rogers v. Dzurenda*,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Stephen A. Higginson, United States Circuit Judge for
the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

25 F.4th 1171, 1180–81 (9th Cir. 2022). We review claims of ineffective assistance of counsel de novo. *Id.* at 1180. Our review of Bautista's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under AEDPA, our Court will only grant habeas relief if the state court's adjudication of the merits of Bautista's claims was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

Bautista briefed three issues that fall within the scope of our Court's Certificate of Appealability (COA) and are therefore certified: ineffective assistance of counsel as it relates to Bautista's attempt to discharge counsel; denial of the right of his choice of counsel; and constructive denial of the right to counsel. Bautista also briefed two issues beyond the scope of the COA and that are therefore uncertified: ineffective assistance of counsel for failure to file a notice of appeal and that his guilty plea was involuntary.

1.      Bautista claims that both his counsel's failure to inform the state trial court that Bautista wished to discharge counsel and his counsel's misrepresentation to Bautista that Bautista's friend endorsed the plea agreement constituted ineffective assistance of counsel. The district court correctly concluded that the state court reasonably determined that Bautista failed to establish prejudice under

2

the standard set forth in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). There is no authority to suggest that Bautista was necessarily prejudiced by counsel's lie regarding his friend's opinion. Bautista received a favorable plea agreement, pleading guilty to only one of eleven charged counts—for which there was substantial evidence of his guilt—and was sentenced to fifteen years' imprisonment instead of the possibility of multiple life sentences. Furthermore, Bautista confirmed that he understood his rights and was entering the plea voluntarily during a colloquy with the court. Because the state court reasonably concluded that Bautista suffered no prejudice from his counsel's alleged deficient performance, it was reasonable to deny the habeas petition without an evidentiary hearing. *See Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012).

2.　　Bautista asserts that he was denied the right to his choice of counsel when his attorney failed to inform the state trial court during the plea hearing that Bautista wished to discharge him. Reading Bautista's pro se filings liberally as required, we conclude that Bautista properly preserved this claim and that it was exhausted in state court. *See Zichko v. Idaho*, 247 F.3d 1015, 1020–21 (9th Cir. 2001). Here, the state court unreasonably applied governing Supreme Court law when it required Bautista to show prejudice because the right to counsel is a structural error that does not require such a showing. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146–150 (2006). Therefore, we review the claim de novo.

*See Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

The state record reveals that Bautista did not demonstrate that he was denied the right to his choice of counsel. Bautista alleges that he informed his counsel before the plea hearing that he wished to discharge him and that a friend had found new counsel to represent him—as reflected in a signed fee agreement between the friend and new counsel—but that his then-current counsel refused to inform the state trial court. However, the state court record reflects that Bautista engaged in a plea colloquy with the state trial court, in which he affirmatively represented that he was knowingly and voluntarily entering the plea agreement and that no one had forced him to accept it. Bautista did not attempt to withdraw his plea agreement, and he retained that same counsel through the sentencing hearing. The alleged newly retained counsel never moved to substitute or take any action in the state court proceedings. Because the record evinces that Bautista failed to show he was denied the right to his choice of counsel, the state court's failure to hold an evidentiary hearing does not render its fact-finding process unreasonable. *See Hibbler*, 693 F.3d at 1147.

3. Bautista also claims that his counsel's failure to inform the state trial court at the plea hearing that Bautista wished to discharge him constituted a constructive denial of the right to counsel. Because Bautista failed to raise this issue before the district court, the issue is forfeited, and we do not reach the merits.

4

*See Young v. Runnels*, 435 F.3d 1038, 1044 (9th Cir. 2006).

4. Bautista briefed two uncertified issues on appeal: ineffective assistance of counsel for failure to file a notice of appeal and that his plea was involuntary. We construe the briefing of uncertified issues as a motion to expand the COA. *See* 9th Cir. R. 22-1(e); *McGill v. Shinn*, 16 F.4th 666, 678 (9th Cir. 2021). We may only consider uncertified issues "if the applicant made a substantial showing of the denial of a constitutional right." *United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018) (quoting 28 U.S.C. § 2253(c)(2)). As to the ineffective assistance claim, Bautista alleges that his counsel never consulted with him about filing an appeal but should have known Bautista wished to appeal because counsel coerced him into pleading guilty. While a failure to consult may fall below the *Strickland* standard under certain circumstances, the facts necessary to do so are not present here. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). There appeared sufficient evidence of guilt to convict Bautista, no non-frivolous issues to appeal were identified, and Bautista received a favorable plea agreement. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478–86 (2000). As to the second uncertified issue—Bautista's claim that his counsel's misrepresentation that Bautista's close friend supported the plea agreement rendered his plea involuntary—is not supported by caselaw. Because Bautista failed to make a "substantial showing of the denial of a constitutional right" as to either uncertified

5

issue, we deny Bautista's motion to expand the COA.

**AFFIRMED.**